**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

NATANAEL GONZALEZ,
Defendant.

25 Cr. 547 (RMB)

**DECISION**

At the July 15, 2026 bail hearing in this case, defense counsel Patrick Brackley explained to the Court that the Defendant (and his two prior counsel) "consented to detention" without prejudice on October 23, 2025 and had not presented a bail package. *See* Dkt. No. 4 (initial appearance before the Magistrate Judge). Defense counsel Brackley has now presented a bail package which the Court accepts with this Decision. Dkt. No. 10.

Moreover, the Government has not been able to demonstrate that the Defendant is a danger to the community by clear and convincing evidence and/or that the Defendant is a risk of flight by a preponderance of the evidence. *See United States v. Balde*, 462 F. Supp. 3d 465, 470 (S.D.N.Y. 2020) (JSR) ("[T]he Government has not carried its burden of showing that there is no set of conditions that will prevent [the defendant] from fleeing or presenting a genuine danger to the community or any other person.").

Among other things: (1) the Government did not arrest or charge the Defendant with the crime of "alien in possession of a firearm" until October 22, 2025, i.e., one year <u>after</u> the alleged crime on September 15, 2024 (Indictment ¶ 1); (2) the alleged crime took place in a Manhattan night club but the gun in question still has not yet been recovered, i.e., over 23 months later (*see* Defense Motion, dated July 10, 2026, at 3); (3) according to defense counsel, Mr. Gonzalez does not have a criminal record; (4) apart from the alleged crime of alien in possession of a firearm,

Gonzalez does not appear to have "engaged in any criminality or evasive behavior" between September 2024 and October 2025 (*id.*); and (5) defense counsel stated at the bail hearing July 15, 2026 that Gonzalez has a stable residence which is not challenged by the Government.

Gonzalez's motion for bail is granted with the following "strict conditions" proposed by defense counsel Brackley and Pretrial Services:

(1) $150,000 personal recognizance bond to be signed by two financially responsible persons prior to the Defendant's release;

(2) Strict supervision as directed by Pretrial Services;

(3) Home incarceration with GPS location monitoring;

(4) No possession of a firearm, destructive device, or other dangerous weapon;

(5) Travel restricted to the Southern and Eastern Districts of New York;

(6) Defendant shall surrender all travel documents (and Defendant is prohibited from obtaining a new application);

(7) No contact without the presence of counsel, with any victims, witnesses, or co-defendants;

(8) Continue any current regular work or seek new employment;

(9) Refrain from use or unlawful possession of narcotic drugs or other controlled substance(s). Substance abuse testing and/or treatment as directed by Pretrial Services;

(10) No new arrest(s).

Date: July 16, 2026
New York, New York

RMB

**RICHARD M. BERMAN, U.S.D.J.**